Wright, J.
1. The first poiut of error argued by counsel is, that a copy of the deed from David and Mary Oyler to Mary Paul should have been given by the petitioner.
The statute for the sale or lease of estates tail (S. & C.. 550) in its second section provides that: “ The petition shall contain a description of the estate to be sold, a clear' statement of the interest of the petitioner therein, and a copy of the will, deed, or other instrument of writing by which the estate is created.”
This seems to refer to the will, deed, or instrument which creates the estate of the petitioner and defendants, and not subsequent conveyances, by which parties defendant may have changed their interests. But if this were not so, by *311 proper action in the court below, defendants there might have had the desired copy produced, and as no point seems: to have been made on the subject in the district court, we do not find such error as is fatal.
2. It is further claimed that these acts with regard to entailments — act of April 4, 1859 (S. & C. 550), March 30, 18(34, and April 13, 1865 (S. & S. 346) — are in conflict with, section 19 of article 1, and section 28, article 2, of the-constitution. In Gilpin v. Williams, 23 Ohio St., and 25-Ohio St. 283, they were so held as to estates vesting before their passage. But as to estates vesting after their passage, it has already been held by this court that they were not. unconstitutional, and that each person took his estate subject to existing laws on the subject. Nimmons v. Westfall,. ante, 213.
3. The will took effect 4th October, 1862, the date of George Selves’ death. By its provisions, Sarah Selves,, now Scanlan, testator’s widow, took a life estate in the property, and subsequently bought the fee of one-half, so' that she holds the fee of one-half and a life estate in the other half undivided.
Mary Paul took a. life estate in one-eighth, and she bought in the fee to that eighth, so as to hold it, subject to Mrs. Selves’ (Scanlan’s) life estate. Mary Paul made this purchase of the fee February 1, 1871.
Thereupon counsel argue that Mary Paul holds the fee to her one-eighth by purchase, and not as “heir” or “in succession, reversion, or remainder,” which are the words of the statute, and therefore she does not hold under the will. Hence it is claimed she holds, not under the statute of 1859, but under the statute of 1864. Then it is said the estate vested in 1862, and therefore, as to an estate vesting at that date, the statute is unconstitutional, under Gilpin v. Williams.
But counsel had already said that Mary Paul’s estate did; not vest under the will, which was in 1862, but did vest under the deed, which was in 1871. And if she claims to hold by purchase, her estate must vest as of the date of *312 that purchase, which'was long after the act of 1864. But the attempt to take the estate in question out of the operation of the act of 1859 can not be successful. That act distinctly provides that on application of the donee for life, the court may authorize the sale of the estate for life with-remainder over, when the sale would be for the benefit of the applicant and not to the injury of those in succession, reversion, or remainder. This will created a life estate in Mrs. Selves with remainder over, and is entirely within the provisions of the act.
It is true that Mary Paul, by purchase from remainder-men, created a new estate in herself, but it could not have been the intention of the law that the remainder-men, by any transactions among themselves, can deprive the tenant-for life of his rights under the statute.
In our view, therefore, the estates vested under the will of 1862, and with regard to them the statute of 1859 is not obnoxious to the charge of unconstitutionality.
4. It is also objected that the sale of the undivided half would injure the remainder-men, and this is probably so. But it appears that Mrs. Seanlan consents to a sale of the whole, and it is so decreed. This removes the objection on the ground of injury, and the suggestion that Mrs. Seanlan is not bound by that provision of the decree is not sound. If the sale should take place, she could not be heard to-object in the face of the consent which she has given.

Judgment affirmed.